ROBERT MANN
DONALD W. COOK
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 252-9444
Fax: (213) 252-0091

Attorneys for Plaintiff



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LENIN FREUD PEREZ-TORRES,

Plaintiff,

vs.

STATE OF CALIFORNIA, a governmental entity; AGENT DAVID CHANEY, an individual; AGENT CHRIS KANE, an individual; UNITED STATES OF AMERICA, a governmental entity; MIKE VAUGHN, and DOES 1 through 100, in both their personal and official capacities, inclusive,

Defendants.

Case No. CV02-02628 MMM (PJWx)

**PLAINTIFF'S EX PARTE APPLICATION AND [PROPOSED ORDER] ORDERING RELEASE OF CRIMINAL HISTORY INFORMATION**

Plaintiff hereby applies *ex parte* for an order requiring the Person Most Knowledgeable for the State of California to provide information concerning the criminal history of plaintiff Lenin Freud Perez-Torres and Lenin Salgado Torres. *Counsel discussed this application yesterday, May 18, and defendants do not oppose this application.* In fact, this application is made at defendant's suggestion. See **Exhibit A**, 5/18/04 letter from Epstein to Koerner.



-1-

## I. BACKGROUND

On June 22, 2000, defendants arrested plaintiff Lenin Freud Perez-Torres because they mistakenly believed he was Lenin Salgado Torres. Discovery in this case has revealed that the criminal histories of plaintiff and Salgado-Torres were somehow combined. This combining of criminal information resulted in plaintiff and the other man having the same CII (California Identification and Investigation) numbers. Essentially, defendants have taken the position that they arrested plaintiff because they believed he was someone else. Plaintiff seeks to discover why defendants believed plaintiff was someone else. Defendants are taking the position that they cannot answer this question absent a court order.

## II. THE DEPOSITION NOTICE

On April 12, 2004, plaintiff noticed the deposition of the Person Most Knowledgeable (PMK) for the State of California. Attached hereto as **Exhibit B** is the deposition notice. The deposition was originally scheduled for May 6. About a week prior to the deposition, defendants requested a continuance, stating they were having trouble locating a person to be deposed. Plaintiff agreed. On May 18, over a month after the deposition notice was served, defendants requested plaintiff make this ex parte application so that when the deposition takes place, the PMK can testify to certain facts. See 5/18/04 letter, **Exhibit A**.

At the PMK deposition, plaintiff will question the witness in the following categories:

A. CII Numbers, including but not limited to how they are assigned, how they are generated, why and if the CII system is 6 months to 1 year behind, as stated in defendants' Interrogatory Answers dated 9/25/02, and what that statement means;

B. How the identities of Lenin Freud Perez-Torres and Lenin Salgado Torres became blended in the California Identification and Investigation and the California Law Enforcement Telecommunications Systems;

1    C. What procedures, practices and/or safeguards does the State of California have
2    to avoid "blending" information and/or identities and/or the assignment of one person's
3    CII number to another person; and
4    D. When the State of California gave notification to the INS that the plaintiff was
5    being or had been released from jail.
6    Plaintiff has also requested that the PMK provide copies of the arrest report of
7    Salgado-Torres, writings concerning procedures for confirming identities prior to placing
8    parole holds, and the parole files of plaintiff (there shouldn't be one) and Salgado-Torres.

## III. RELIEF SOUGHT

Defendants have taken the position that *California Penal Code* sections 11076 and 11141 prohibit the PMK from providing the requested information, to the extent that it would require the dissemination of plaintiff's and Salgado-Torres' summary criminal histories. Defendants also take the position that a court order requiring the disclosure, will allow the PMK to provide the information requested, without violating California law. It is the California Attorney General's position that such an order is authorized by *California Penal Code* section 11105 (b)(1) and (c)(6).

Rather than starting the deposition and having the deponent be instructed not to answer questions, and then having to make a motion to compel, the parties have agreed to make this application in advance of the deposition. Defendants' position is that, absent a court order, the Person Most Knowledgeable cannot testify to summary criminal history information concerning Salgado-Torres. Therefore, the parties require that this court

//
//
//
//
//
//
//

-3-

order the PMK to disclose this information at his deposition. Defendants do not oppose this application.

DATED: May 18, 2004

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

By *Samantha Koerner*
Samantha Koerner

GOOD CAUSE APPEARING

The Person Most Knowledgeable for the State of California is required to answer questions at his or her deposition, even though those questions may require the disclosure of summary criminal history information pertaining to Lenin Freud Perez-Torres and Lenin Salgado Torres. This information may be used by the parties in this case, and in the companion state court case, *Perez-Torres v. State of California*, case no. BC 267143.

IT IS SO ORDERED

DATED: May 21, 2004

*Margaret M. Morrow*
Margaret M. Morrow
U.S. District Judge

-4-

F:\C\OD\Perez\F\exparte-pmkdepo

SCANNED

**BILL LOCKYER**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

RONALD REAGAN BUILDING
300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013

Telephone: (213) 620-2249
Facsimile: (213) 897-2810
E-Mail: paul.epstein@doj.ca.gov

May 18, 2004

Via Fax and Mail

Samantha Koerner, Esq.
Mann & Cook
3435 Wilshire Blvd., Ste. 2900
Los Angeles, CA 90010

Re: **Perez-Torres v. Chaney, et al.**
**United States Dist. Court Case No. 02-CV-2628**
**Perez-Torres v. State of California, et al.**
**Los Angeles Superior Court Case No. BC 267143**

Dear Ms. Koerner:

This concerns your letter of May 17, 2004, as well as the depositions of Elizabeth Soos and the PMK for the State of California. First, as to the depositions, I need to explain the following:

1. In the federal action, the deposition notices for Elizabeth Soos and the PMK are ineffective because neither Soos nor the State of California is a defendant in the federal action. However, rather than require you to serve subpoenas, I will agree to produce both Soos and the PMK with the explicit proviso that by doing so our office is not waiving the immunity to suit in federal court which the State of California enjoys under the Eleventh Amendment to the United States Constitution, which Judge Morrow recognized in dismissing the State of California (and Kane and Chaney in their official capacities) as defendants in the federal court action.

2. Please let me know what dates you propose for the deposition of Ms. Soos.

3. With respect to the deposition notice for the PMK, as to Categories C, D and H of your proposed areas of questioning, David Chaney is the PMK and has already answered questions falling within these categories. There is no further information to be provided and no one will be produced for further questioning in those areas. As to Categories F and G, we object

-5-

**EXHIBIT A**

Samantha Koerner, Esq.
Law Offices of Mann & Cook
May 18, 2004
Page 2

on the ground that questioning on these matters calls for the deponent to make a legal conclusion. Therefore, the PMK will be instructed not to answer such questions. With respect to categories A, B, and E, I have located the PMK. The problem we face is that in order to answer questions falling within these categories, the PMK will be required to disclose summary criminal history information maintained by the State of California concerning both the plaintiff and the man we are calling "Salgado." The PMK is prohibited from giving this testimony under Penal Code section 11076, which prohibits dissemination of such information except as authorized by law, and Penal Code section 11141, which makes unauthorized disclosure a misdemeanor. Penal Code section 11105 (which provides to whom the information may be disseminated) does not authorize the PMK to provide the information in a deposition. Although Penal Code section 11105, subdivision (b)(11), permits your client to obtain his own state summary criminal history information pursuant to Penal Code section 11120, et seq., your client is still required file the appropriate application and present it to DOJ along with his fingerprints and the required fee. (Pen. Code, § 11122.) In order to resolve this situation, I propose the following: under Penal Code section 11105, subdivisions (b)(1) & (c)(6), DOJ may provide the summary criminal history information to a state or federal court. Your office may make ex parte application to both the state and federal court seeking an order requiring disclosure of the information in Categories A, B and E (concerning both plaintiff and Salgado) through the deposition of the PMK. Our response to such an application will be that the PMK will be permitted to testify should the court so order. I suggest that the applications be made ASAP so the deposition of the PMK can be completed before the discovery cut-off date of June 4 in the federal court action.

Finally, the agreement to file the motions for summary judgment on June 21 for hearing on July 12 is fine with me. Note that I have another hearing on July 12 in federal court before Judge Baird. However, I imagine I can ask one judge or the other to put me on second call while I appear before the other.

Sincerely,

Paul C. Epstein
Deputy Attorney General

For    BILL LOCKYER
       Attorney General

-6-

EXHIBIT A

**BILL LOCKYER**
*Attorney General*



State of California
**DEPARTMENT OF JUSTICE**

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CALIFORNIA 90013

Public: (213) 897-2000
E-mail: Paul.Epstein@doj.ca.gov

# FAX TRANSMISSION COVER SHEET

IMPORTANT/CONFIDENTIAL: This communication is intended only for the use of the individual or entity to which it is addressed. This message contains information from the State of California, Attorney General's Office, which may be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

| DATE: | May 18, 2004 | TIME: | 1:05 PM | NO. OF PAGES: | 3 |
|---|---|---|---|---|---|
| | | | | (INCLUDING COVER SHEET) | |

**TO:**

| NAME: | Samantha Koerner | | |
|---|---|---|---|
| OFFICE: | Mann & Cook | | |
| LOCATION: | Los Angeles | | |
| FAX NO: | (213) 252-0091 | PHONE NO: | (213) 252-9444 |

**FROM:**

| NAME: | Paul C. Epstein, Deputy Attorney General | | |
|---|---|---|---|
| OFFICE: | Tort and Condemnation section | | |
| LOCATION: | Los Angeles | | |
| FAX NO: | (213) 897-2810 | PHONE NO: | 213-620-2249 |

**MESSAGE/INSTRUCTIONS**

**PLEASE DELIVER AS SOON AS POSSIBLE!**
FOR ASSISTANCE WITH THIS FAX, PLEASE CALL THE SENDER

JUS 133 (1/99)

-7-

**EXHIBIT A**

SCANNED

ROBERT MANN
DONALD W. COOK
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 252-9444
Fax: (213) 252-0091

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN FREUD PEREZ-TORRES,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, a governmental entity; AGENT DAVID CHANEY, an individual; AGENT CHRIS KANE, an individual; UNITED STATES OF AMERICA, a governmental entity; MIKE VAUGHN, and DOES 1 through 100, in both their personal and official capacities, inclusive,<br><br>Defendants. | Case No. CV02-02628 MMM (PJWx)<br><br>**NOTICE OF DEPOSITION OF STATE OF CALIFORNIA PERSON MOST KNOWLEDGEABLE AND ELIZABETH SOOS; REQUEST TO PRODUCE DOCUMENTS AT DEPOSITION** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff will take the depositions of the following individuals at the law offices of Robert Mann and Donald W. Cook, 3435 Wilshire Blvd., Suite 2900, Los Angeles, California, before a Notary Public in and for said County and State on the below listed dates and times:

Elizabeth Soos          May 5, 2004          10:00 a.m.

| | | |
|---|---|---|
| Pursuant to F.R. Civ. P. Rule 30 (b) (6), the Person Most Knowledgeable for the State of California, regarding the following matters: | May 6, 2004 | 10:00 a.m. |

A. CII Numbers, including but not limited to how they are assigned, how they are generated, why and if the "CII system is 6 months to 1 year behind," as stated in defendants' Interrogatory Answers dated 9/25/02, and what that statement means.

B. How the identities of Lenin Freud Perez Torres and Lenin Freud Salgado Torres became blended in the California Identification and Investigation and the California Law Enforcement Telecommunications Systems.

C. What procedures parole agents are required to follow in order to verify that the person arrested or caused to be arrested, or on whom a parole hold is placed, is the correct person.

D. How it was determined that Lenin Freud Perez-Torres was not Lenin Salgado-Torres.

E. What procedures, practices, and/or safeguards does the State of California have to avoid "blending" information and/or identities and/or the assignment of one person's CII number to another person.

F. What facts support the conclusion that the "blending" of information and the assignment of plaintiff's CII number to someone else, was *not* the result of negligence.

G. Why the "blending" and the assignment of plaintiff's CII number to someone else was *not* negligence.

H. When the State of California gave notification to the INS that the plaintiff was being or had been released from jail.

F:\C\OD\Perez\F\depo-ca-pmk&soos

**EXHIBIT B**

1  The State of California is requested to produce the following documents at
2  deposition:
3  1. The Police Report and any related writings concerning the March 10, 1997 arrest
4  of Lenin Freud Salgado Torres, as referred to in defendants Kane and Chaney's responses
5  to Interrogatories.
6  2. Any and all WRITINGS stating, reflecting, concerning, or making reference to
7  DEFENDANT'S policies, procedures, regulations, practices or customs for determining
8  whether it has arrested, caused to be arrested, or placed a parole hold on the correct
9  person.
10  3. The parole file relating to Lenin Freud Salgado Torres.
11  4. The parole file relating to Lenin Freud Perez Torres.
12  The term "WRITING" shall include, without limitation, all written, recorded,
13  transcribed, punched, taped (including computer tapes), filmed, printed or other matter,
14  however produced or reproduced, of every kind and description, including but not limited
15  to the original and any copy and all drafts, of any letter, memorandum, telegram, report,
16  manual, bulletin, study, record, statement, message, hand written note, calendar, diary,
17  working paper, sketch, computer tape, electronic mail (E-mail), data sheet, data card, tape
18  recording, video tape, film, or any other written, printed or recorded matter, in the
19  Defendant's possession or control, or subject to its control, or to which it has access.
20  The term "DEFENDANT" includes the State of California, its agencies and
21  employees.
22  Said depositions shall continue from day to day, excluding Sundays and holidays,
23  until completed.
24  //
25  //
26  //
27
28

F:\C\OD\Perez\F\depo-ca-pmk&soos

-10-                                                                **EXHIBIT B**

| | |
|---|---|
| 1 | Plaintiff hereby gives notice of plaintiff's intention to record the depositions by videotape and audiotape, in addition to recording the depositions by stenographic recording before a Notary Public in and for the County of Los Angeles. |
| 2 | |
| 3 | |
| 4 | DATED: April 12, 2004 |

              **ROBERT MANN**
              **DONALD W. COOK**
              Attorneys for Plaintiff

    By_____
          Samantha Koerner

SCANNED

F:\C\OD\Perez\F\depo-ca-pmk&soos

-11-

**EXHIBIT B**

PROOF OF SERVICE BY MAIL

I am a resident of the county of Los Angeles; I am over the age of 18 and not a party to the within action; my business address is 3435 Wilshire Blvd., Suite 2900, Los Angeles, CA 90010.

On May 19, 2004, I served the within **PLAINTIFF'S EX PARTE APPLICATION AND [PROPOSED ORDER] ORDERING RELEASE OF CRIMINAL HISTORY INFORMATION** on the interested parties herein by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California addressed as follows:

John S. Gordon, United States Attorney
Leon W. Weidman, Assistant United States Attorney
Keith M. Staub, Assistant United States Attorney
Room 7516 Federal Building
300 N. Los Angeles Street
Los Angeles, CA 90012

Bill Lockyer, Attorney General
 of the State of California
Marsha S. Miller, Supervising Deputy A.G.
Paul C. Epstein, Deputy A.G.
300 S. Spring Street, 7th Fl. South tower
Los Angeles, CA 90013-1230

On the above date at about 12:30 p.m., I caused a true copy to be delivered via facsimile transmission to the offices of the addressees.

I declare under penalty of perjury that the above is true and correct.

Executed on May 19, 2004, at Los Angeles, California.

_____
Dinorah Pinelo